## BRANCH & SMITH *vs.* CARSWELL, trustee.

Where complaint was brought against C. trustee for T., and the only allegation as to the nature of the claim was "that this is a debt for which said trust estate is liable, the articles contained in said account being furnished to and used by said trust estate, and by which it has been greatly benefited," and it appeared that the articles were furnished during the year 1874, that T. was a life beneficiary under said trust, and that the articles were furnished her through her trustee C., to enable her to make a crop on her life estate, and a verdict was rendered against defendant for $547.79, with interest and cost, and judgment entered accordingly:

Norrington *vs.* Philip, executor—The Planters Bank of Fort Valley *vs.* Kersh, etc.

*Held*, that the court will not, on motion of plaintiffs, set aside the verdict and judgment, and reinstate the case on the common law docket, on the ground that they fail to describe the trust estate in such a manner as to support a valid execution against the same, and the defect could not be cured by amendment.

SPEER, Justice.